# United States District Court
## CENTRAL DISTRICT OF ILLINOIS

CHARLES FOUNTAIN #B34541 )
)
Plaintiff )
)
vs. )  Case No. _____
)  (The case number will be assigned by the clerk)
JANE DOE I, Correctional )
Officer; )
JANE DOE II, Nurse, )
_____ )
_____ )
_____ )
_____ )
_____, )
)
Defendant(s) )

SCANNED at PCC and E-Mailed
2/14/18 (date) by VK (initials)
12 (# of pages)

(List the full name of ALL plaintiffs and defendants in the caption above. If you need more room, attach a separate caption page in the above format).

## COMPLAINT*

Indicate below the federal legal basis for your complaint, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants). However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims. Many prisoners' legal claims arise from other federal laws. Your particular claim may be based on different or additional sources of federal law. You may adapt this form to your claim or draft your own complaint.

[X] 42 U.S.C. §1983 (state, county or municipal defendants)

[ ] Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)(federal defendants)

[ ] Other federal law: _____

[ ] Unknown _____

## I. FEDERAL JURISDICTION

*Please refer to the instructions when filling out this complaint. Prisoners are not required to use this form or to answer all the questions on this form in order to file a complaint. This is not the form to file a habeas corpus petition.

~~Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or~~ other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

## II. PARTIES

A. Plaintiff:

    Full Name: Charles Fountain

    Prison Identification Number: B34541

    Current address: 700 W. Lincoln Ave., Pontiac, IL. 61764

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B. Defendants

    Defendant #1:

        Full Name: Jane Doe I (aka Ms. Heinman)

        Current Job Title: Correctional Officer

        Current Work Address: 700 W. Lincoln Ave., Pontiac, Illinois 61764

    Defendant #2:

        Full Name: Jane Doe II (aka Nurse Jade) (Jade Culkin)

        Current Job Title: Nurse employed by State-contracted Vendor

        Current Work Address: 700 W. Lincoln Ave., Pontiac, IL. 61764.

    Defendant #3:

        Full Name:

        Current Job Title:

Current Work Address _____

_____

Defendant #4:

Full Name: _____

Current Job Title: _____

Current Work Address _____

_____

Defendant #5:

Full Name: _____

Current Job Title: _____

Current Work Address _____

_____

For additional defendants, provide the information in the same format as above on a separate page.

### III. LITIGATION HISTORY

The "three strikes rule" bars a prisoner from bringing a civil action or appeal in forma pauperis in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved in this case?     Yes ☐     No ☒

If yes, please describe _____

_____

B. Have you brought any other lawsuits in federal court while incarcerated?

Yes ☐     No ☒

C. If your answer to B is yes, how many? _____ Describe the lawsuit(s) below.

3

1. Name of Case, Court and Docket Number _____

_____

2. Basic claim made _____

3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still pending?) _____

*For additional cases, provide the above information in the same format on a separate page.*

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

*Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint. However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint and its attachments. You may attach copies of materials relating to exhaustion, such as grievances, appeals, and official responses. These materials are not required to file a complaint, but they may assist the court in understanding your claim.*

A. Is there a grievance procedure available at your institution?  Yes ☒  No ☐

B. Have you filed a grievance concerning the facts relating to this complaint?

    Yes ☒  No ☐

If your answer is no, explain why not _____

_____

C. Is the grievance process completed?  Yes ☒  No ☐

## V. STATEMENT OF CLAIM

Place(s) of the occurrence __Pontiac Correctional Center__

4

Date(s) of the occurrence From October 13, 2017 to November 3, 2017.

*State here briefly the FACTS that support your case. Describe what each defendant did to violate your federal rights. You do not need to give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.*

*THE COURT URGES YOU TO USE ONLY THE SPACE PROVIDED. Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of your claim showing that you are entitled to relief. It is best to include only the basic, relevant facts, including dates, places, and names.*

1. From October 13, 2017 to November 3, 2017, I was absent from a mandatory school assignment hereat Pontiac Correctional Center due to illness, which I later learned was diabetes after an October 31, 2017 diagnosis by Dr. Andrew Tilden, on-site Medical Director for Wexford Health Sources, Inc., upon personal knowledge; information and belief.

2. However, during that period I was absent from school I repeatedly complained to c/o Heinman, of the 7:00 am to 3:00 pm Shift, while requesting for her to contact the appropriate Medical Staff but, Ms. Heinman would dismissively tell me to go to school and in turn she would make a call. But, even more alarming, Ms. Heinman went so far as to say that I was pretending to be ill to avoid going to school, which she said in the immediate presence of other inmates in C Dorm hereat Pontiac Correctional Center (MSU) and Ms. Heinman made no attempt to contact any medical personnel concerning my complaints, upon personal knowledge; information and belief.

3. Further, on October 31, 2017, I renewed my complaint to Lt. Todd about my medical problem describing sympthoms classic and elemental of diabetes, namely, severe pain in legs and feet; excessive thirst and frequent urination and Lt. Todd contacted Medical immediately thereafter, upon personal knowledge; information and belief.

4. On that date, I was admitted in the Prison Infirmary after an Acu-check showed that my blood sugar-level was dangerously high and I was required to undergo a regiment of insulin to bring my high blood sugar-level under con-

trol. During that period, I was given insulin injections and pain medication.

5. On November 3, 2017, I was discharged after said insulin injections and pain medication abated my symptoms.

## First Cause of Action

6. Plaintiff restates and realleges Paragraph 1-5, as though restated and realleged fully herein.

7. At all times herein, Defendant JANE DOE I, was and is, acting under the color of state law within the scope of her employment as a correctional officer at Pontiac Correctional Center. She is being sued in her individual capacity.

8. As a direct and proximate cause of misconduct of JANE DOE I, undertaken in reckless disregard of the rights of others, Plaintiff was denied, or delayed access to medical treatment, which was detrimental: unnecessarily prolonged aforesaid symptoms, in violation of his EIGHTH AMENDMENT right to be free from deliberate indifference towards his serious medical needs, a right secured to him under the Constitution of the United States.

## Second Cause of Action

9. Plaintiff restates and realleges Paragraph 1-5, as though restated and realleged fully herein.

10. On October 20, 2017, I complained of aforementioned symptoms detailed in Paragraphs 1-5 to a Nurse referred as "Jade" and I asked her to perform an Acu-check (Test Blood Sugar Level) but, she refused, despite my symptoms calling for such test nor did that nurse made a timely referral to a Doctor nor did that nurse contact a CMT nor told me to seek out the same, upon per-

sonal knowledge.

11. At all times herein, Defendant JANE DOE II, was and is, acting under the color of state law within the scope of her employment as Nurse and private individual under State-contract to provide Health Care Services to prisoners in Illinois Department of Corrections. She is being sued within her individual capacity.

12. As a direct and proximate cause of misconduct of JANE DOE II, undertaken in reckless disregard of the rights of others and deliberate indifference, Plaintiff was denied, or delayed access to medical treatment, which was detrimental: unnecessarily prolonged aforesaid sympthoms, in violation of his EIGHTH AMENDMENT right to be free from deliberate indifference towards his serious medical needs, a right secured to him under the Constitution of the United States.

### Exhaustion of Administrative Remedies

13. Plaintiff asserts that his administrative remedies are exhausted because he has filed a written Grievance directed to the Chief Administrative Officer on November 27, 2017 and filed a timely appeal from the denial therefrom. (A copy of November 27, 2017 OFFENDER'S GRIEVANCE is attached hereto, along with a relevant December 9, 2017 Counseling Summary and a December 20, 2017 Administrative Review Board Return of Grievance of Correspondence.)

### RELIEF REQUESTED

(State what relief you want from the court.)

14. WHEREFORE, Plaintiff requests that this Court grant the following re-

lief:

a. Declare that Defendant JANE DOE I violated Plaintiff's EIGHTH AMENDMENT rights to medical care;

b. Declare that Defendant JANE DOE II violated Plaintiff's EIGHTH AMENDMENT rights to medical care;

c. An Award of Compensatory and Punitive Damages.

JURY DEMAND    Yes ☒    No ☐

I swear under the penalty of perjury that aforementioned matter is true.

Signed this January day of 30, 20 18.

*Charles Fountain*
(Signature of Plaintiff)

| Name of Plaintiff: | Inmate Identification Number: |
|---|---|
| Charles Fountain | B34541 |
| Address: 700 W. Lincoln Ave./ P.O. Box 99, Pontiac, Illinois 61764. | Telephone Number: |

8

ILLINOIS DEPARTMENT OF CORRECTIONS

## Administrative Review Board
### Return of Grievance or Correspondence

Offender: Fountain, Charles    MI: ___    ID#: B34541
Last Name / First Name

Facility: Pontiac

☐ Grievance: Facility Grievance # (if applicable) _____  Dated: 11/27/2017   or ☐ Correspondence: Dated: _____

Received: 12/18/2017   Regarding: Staff Conduct: CO Heinman & Nurse Jade were not attentive to offenders medical needs, he has diabetes on 10/30/17
Date

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**
- ☒ Provide your original written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.
- ☒ Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal; if timely.
- ☐ Provide dates when incidents occurred.
- ☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to: Administrative Review Board
Office of Inmate Issues
1301 Concordia Court, Springfield, IL 62794-9277

**Misdirected:**
- ☐ Contact your correctional counselor or Field Services regarding this issue.
- ☐ Request restoration of Statutory Sentence Credits to Adjustment Committee. If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.
- ☐ Contact the Record Office with your request or to provide additional information.
- ☐ Personal property and medical issues are to be reviewed at your current facility prior to review by the Administrative Review Board.
- ☐ Address concerns in a letter to: Illinois Prisoner Review Board, 319 E. Madison St., Suite A, Springfield, IL 62706

**No further redress:**
- ☐ Award of Supplemental Sentence Credits are discretionary administrative decisions; therefore, this issue will not be addressed further.
- ☐ Administrative Transfer denials are discretionary administrative decisions; therefore, this issue will not be addressed further.
- ☐ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.
- ☐ Administrative Review Board received the appeal 30 days past date of Chief Administrative Officer's decision; therefore, this issue will not be addressed further.
- ☐ This office previously addressed this issue on _____ Date
- ☐ No justification provided for additional consideration.

**Other** (specify): _____

Completed by: Dave White    Signature: [signed]    Date: 12/20/2017
Print Name

Distribution: Offender
Inmate Issues

Printed on Recycled Paper    DOC 0070 (Rev.5/2017)

## State of Illinois - Department of Corrections
## Counseling Summary

| | | | |
|---|---|---|---|
| **IDOC #** | B34541 | **Counseling Date** | 12/09/17 10:01:09:017 |
| **Offender Name** | FOUNTAIN, CHARLES | **Type** | Collateral |
| **Current Admit Date** | 08/08/2017 | **Method** | Other |
| **MSR Date** | 06/22/2018 | **Location** | PON MSU-DORM A |
| **HSE/GAL/CELL** | A -01-02 | **Staff** | SIMPSON, SHARON A., Correctional Officer |

Returned grievance (G#067650) dated 11/27/17 as advisement of CAO determination indicating issue a non-emergency on 12/04/17. If offender rejects this decision he may choose to forward complaint utilizing the "Grievance Only" mail box in order to be responded to at the Counselor 1st Level.

RECEIVED
DEC 1 8 2017
ADMINISTRATIVE
REVIEW BOARD

**Print Date** 12/9/2017

ILLINOIS DEPARTMENT OF CORRECTIONS

## Administrative Review Board
## Return of Grievance or Correspondence

Offender: Fountain (Last Name)   Charles (First Name)   MI   B34541 (ID#)

Facility: Pontiac

☐ Grievance: Facility Grievance # (if applicable) _____ Dated: 11/27/2017   or ☐ Correspondence: Dated: _____

Received: 12/18/2017   Regarding: Staff Conduct: CO Heinman & Nurse Jade were not attentive to offenders medical needs, he has diabetes on 10/30/17
Date

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**
- ☒ Provide your original written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.
- ☒ Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal; if timely.
- ☐ Provide dates when incidents occurred.
- ☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to: Administrative Review Board
  Office of Inmate Issues
  1301 Concordia Court, Springfield, IL 62794-9277

**Misdirected:**
- ☐ Contact your correctional counselor or Field Services regarding this issue.
- ☐ Request restoration of Statutory Sentence Credits to Adjustment Committee. If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.
- ☐ Contact the Record Office with your request or to provide additional information.
- ☐ Personal property and medical issues are to be reviewed at your current facility prior to review by the Administrative Review Board.
- ☐ Address concerns in a letter to: Illinois Prisoner Review Board, 319 E. Madison St., Suite A, Springfield, IL 62706

**No further redress:**
- ☐ Award of Supplemental Sentence Credits are discretionary administrative decisions; therefore, this issue will not be addressed further.
- ☐ Administrative Transfer denials are discretionary administrative decisions; therefore, this issue will not be addressed further.
- ☐ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.
- ☐ Administrative Review Board received the appeal 30 days past date of Chief Administrative Officer's decision; therefore, this issue will not be addressed further.
- ☐ This office previously addressed this issue on _____ Date
- ☐ No justification provided for additional consideration.

**Other** (specify): _____

Completed by: Dave White (Print Name)   Signature: [signed] Dave White   12/20/2017 (Date)

Distribution: Offender
Inmate Issues

Printed on Recycled Paper

DOC 0070 (Rev.5/2017)

# State of Illinois - Department of Corrections
## Counseling Summary

| | | | |
|---|---|---|---|
| **IDOC #** | B34541 | **Counseling Date** | 12/09/17 10:01:09:017 |
| **Offender Name** | FOUNTAIN, CHARLES | **Type** | Collateral |
| **Current Admit Date** | 08/08/2017 | **Method** | Other |
| **MSR Date** | 06/22/2018 | **Location** | PON MSU-DORM A |
| **HSE/GAL/CELL** | A-01-02 | **Staff** | SIMPSON, SHARON A., Correctional Officer |

Returned grievance (G#067650) dated 11/27/17 as advisement of CAO determination indicating issue a non-emergency on 12/04/17. If offender rejects this decision he may choose to forward complaint utilizing the "Grievance Only" mail box in order to be responded to at the Counselor 1st Level.



RECEIVED
DEC 1 8 2017
ADMINISTRATIVE
REVIEW BOARD

**Print Date** 12/9/2017